UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAIJAH JABRIEL JACKSON,

Petitioner,

v.

THE SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES,

Respondent.

Case No. 2:26-cv-2656-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief. After review of the initial petition, I found that his petition was deficient because it did not explain the nature of his claims. ECF No. 5. I offered petitioner an opportunity to amend, and he has filed an amended petition, ECF No. 7. After review of that petition, I find that his claims are unexhausted and frivolous. I now recommend dismissal of the petition.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Before a federal habeas court can consider a petitioner's claims, he is first required to present them to the highest state court. *See* 28 U.S.C. §§ 2254(b)-(c); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) ("A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."). Here, petitioner provides no indication that he has presented his claims to the California Supreme Court and, thus, they are unexhausted.

Additionally, his claims are frivolous and non-cognizable in a habeas action. He alleges that he was stalked and sexually harassed by "Eva Gridener" and "Anfya Allen." ECF No. 7 at 4. He also claims that the video game "Grand Theft Auto" has harassed him. *Id.* at 5. Finally, he alleges that, prior to 2012 he has "no prior [criminal] record." *Id.* None of these claims attack the legality of a criminal conviction, and, thus, they are non-cognizable.

I have already afforded petitioner an opportunity to amend, and he has not presented any exhausted, cognizable claims.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this case.

Further, it is RECOMMENDED that the amended petition, ECF No. 7, be DISMISSED as unexhausted and for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE